(109 App. Div. 16.)

MARTIN et al. v. BABCOCK & WILCOX CO.

(Supreme Court, Appellate Division, First Department. November 17, 1905.)

1. LANDLORD AND TENANT—LEASES—CONSTRUCTION—RENEWAL.

 A lease provided that the lessees within two years should erect on the premises a new store front and other improvements in the building, or, in lieu thereof, a new modern fireproof store and office building; that, in case such improvements or new buildings were erected, the lessors covenanted to renew the lease for 13 years, the new lease to contain the

same covenants as the old, except the covenant for renewal, in lieu of which the second lease should contain a covenant that, in case there should be standing on the premises a modern fireproof store and office building erected by the lessees, the lessors, at their option, should either purchase the building, or grant a new lease for a third term of 20 years. *Held*, that the lessees' option to make the improvements or erect a new building was limited to the first two years of the original lease, and, having exercised the same by making the improvements to the building, they were not entitled on a renewal lease to a provision giving an option to erect a new building during the second term, with a privilege in the lessor to purchase or grant a renewal for a third term.

McLaughlin, J., dissenting.

Submission of controversy on an agreed case between Mulford Martin and others and the Babcock & Wilcox Company. Judgment for plaintiffs.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and INGRAHAM, JJ.

Charles Gibson Bennett, for plaintiffs.

T. W. Foster, for defendant.

INGRAHAM, J. The question submitted is as to the lease to which the defendant is entitled under a covenant for a renewed lease. The plaintiffs were the owners of certain property known as 29 Cortlandt street, in the city of New York, and on the 20th day of April, 1893, executed to the defendant a lease of the premises for a term of 12 years. This lease contained the following covenants:

"And the party of the second part further agrees that it will, within two years from the date hereof, erect upon the said premises a new store front on the first story of Cortlandt and Church streets, with windows in the side on Church street, and put in an elevator, and generally put the building into condition for office occupation, and that it will expend on these improvements on the said building a sum not less than twenty-five thousand dollars which improvements when made will belong to the premises, or, in lieu thereof, will erect a new modern fireproof store and office building. And it is hereby mutually covenanted and agreed that if the party of the second part, its successors or assigns, shall during the said term well and faithfully keep all and every the covenants herein contained on its part and behalf, and shall have made the alterations and repairs in the building upon the said premises herein provided for, or, in lieu thereof, shall have erected a new modern fireproof store and office building, that the parties of the first part, their executors, administrators, or assigns, shall and will, at the expiration of the term hereby granted, grant a new lease to the party of the second part, its successors or assigns, for the same annual rental, for a further term of thirteen years, to commence from the expiration of the term hereby granted; such lease to contain the like covenants as hereinbefore contained, except the foregoing covenant for renewal, in lieu whereof said second lease shall contain a covenant that, in case there shall be standing on the premises a modern fireproof store and office building, erected by the party of the second part, that then the parties of the first part, their executors, administrators, or assigns, will, at their option, either purchase said building, at a valuation thereof to be ascertained as herein provided, or grant a new lease for a third term of twenty-one years, to commence from the expiration of the said second term, at a rent of five per cent. upon the appraised value of the ground, payable quarter yearly, to be ascertained as hereinafter provided, and to contain the like covenants, conditions, and provisos as shall have been contained in said second lease, except that said third lease shall contain a covenant that the parties of the first part will, at their option, either purchase the building then upon the premises at a price to be ascertained as hereinafter provided, or grant a further lease for a term of twenty-one"

years, * * * at the end of which term the building upon the said premises shall belong to the parties of the first part, their heirs, executors, administrators, or assigns."

It was admitted in the agreed statement of facts that the defendants went into possession of the demised premises under the lease; that the defendants within two years from the date of the lease erected upon the demised premises a new store front on the first story of Cortlandt and Church streets, with windows in the side on Church street, and put in an elevator, and generally put the building into condition for office occupation, and expended on these improvements on the said building a sum not less than $25,000, and has never in lieu of such improvements erected a new modern fireproof store and office building or any new building upon the premises. At the expiration of the lease the plaintiffs tendered to the defendant a lease of said premises, as provided for by this covenant, except there was no provision giving the defendant an option to erect a new modern fireproof and office building upon the premises. The defendants claim that they were entitled to a new lease containing such privilege during the ensuing 13 years, and that if they erected such a building, they would be entitled to the new renewals specified in the original lease; and the question submitted is to which of these proposed leases the defendants are entitled.

I think that it was the intention of the parties that this option should be exercised by the defendant during the first two years of the term first demised. It was expressly provided that the defendant should make the improvements or erect the building within two years from the date of the lease, namely, April 20, 1893. It exercised that option by making the improvements. There is no provision in this original lease which would indicate an intention to authorize the defendant, having once elected to make the improvements, to subsequently tear down the building which had been then improved, and erect a modern fireproof building upon the premises. The lease then provides that, if the parties of the second part should make the alterations and repairs in the building upon the premises, or, in lieu thereof, should have erected a new modern fireproof store and office building, then the parties of the first part would grant a renewal of the lease for 13 years. From this provision the intention of the parties would seem to be clear that the right to erect a new building in lieu of the old one should be restricted to the term of the first lease. The lease provided that the new lease to be given should contain the like covenants as were thereinbefore contained, except the covenant for renewal. This agreement in relation to the improvement to be made upon the building by the tenant was not in form a covenant. It had been performed by the tenant, and its performance was a condition upon which the right to any renewal depended. It therefore distinctly related to the covenant for a renewal. The option by which the tenant was given the right either to make the improvement or erect a new building must be exercised within two years from the date of the original lease, and therefore before the time when the new lease was to be given. It would seem to be plain that this agreement as to the improvements to be made upon the demised premises was not one that could be inserted in the new lease. The defendants having exercised this option, and made the necessary repairs

and alterations in the building, the provision giving such option had become executed, and it could not have been the intention to insert in the renewal lease an option to make repairs that had already been made. The covenant in lieu of the covenant of renewal in the first lease was to be that, in case there should be standing on the premises a modern fireproof store or office building erected by the parties of the second part, then the landlords were either to purchase said building at a valuation, or grant a new lease for a third term of 21 years. But I think it clear that this provision was dependent upon the tenant's having erected a new building during the first term, and that it was not intended to give to the tenancy an option during the second term to erect a new building. It is true that these clauses are to some extent inconsistent, but we must take the whole lease as it stands, and ascertain the intention of the parties; and it seems to me that the intention is reasonably clear, considering all the provisions, that the covenants to be inserted in the second lease as to further renewals should depend upon the existence of a new fireproof store and office building at the expiration of the first lease, and it was only in case of the existence of such building at the time when the first renewal was given that there should be inserted in the first renewal lease a covenant for either the purchase of the building or a further renewal.

For these reasons, I think the plaintiffs are entitled to judgment, with costs. All concur, except McLAUGHLIN, J., who dissents.